PER CURIAM.
Douglas G. Taylor petitions this court for a writ of prohibition, contending that the constitutional protections against double jeopardy preclude a second prosecution against him on certain charges now pending in the Circuit Court for Alachua County. We agree, grant the petition, and remand to the trial court with directions to grant Taylor’s motion to dismiss.
Taylor and two co-defendants are charged with armed robbery and kidnap-ing. The facts, as we understand them, are that co-defendant Ramsey was in a public area of the store with the assistant manager, Gutenberg. Taylor was apparently in a back room of the store, guarding other employees. At trial, Gutenberg testified that he knew the names of certain customers who were in the store during the robbery. As this information had not previously been revealed to the defense, Ramsey’s counsel moved for discovery sanctions and a mistrial. The court conducted a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971) and found that Gutenberg had given this information to the investigating officers but it had not been recorded in any police report nor shared with the State Attorney’s office. The court concluded that a mistrial was appropriate. Taylor’s counsel objected and informed the court that he was not moving for mistrial and that he wished to proceed with the trial. The objection was overruled and a mistrial was declared as to all three of the defendants. Taylor’s motion to dismiss on double jeopardy grounds was subsequently denied and the instant petition followed.
Florida’s double jeopardy clause, found in article I, section 9 of its constitution, was intended to mirror the similar protection which appears in the fifth amendment of our federal constitution. Carawan v. State, 515 So.2d 161, 164 (Fla.1987). Where a mistrial is granted over a defense objection, a second trial is barred by the prohibitions against double jeopardy unless a “manifest necessity” for the mistrial has been established. Fuente v. State, 549 So.2d 652 (Fla.1989).
Petitioner relies on cases such as Cohens v. Elwell, 600 So.2d 1224 (Fla. 1st DCA 1992), where the state moved for continuance of a trial that had already commenced because an important prosecution witness was unavailable. The court granted a mistrial when it appeared that two jurors would not be available on the date set for the continued trial. The defendant’s motion to dismiss on double jeopardy grounds was denied but this court issued its writ of prohibition, finding that a retrial was barred because the trial court did not fully explore alternatives to dismissal. In Thomason v. State, 620 So.2d 1234 (Fla.1993), the court found that the defendant was entitled to be discharged where a mistrial was granted, over a defense objection, based on the court’s concern regarding the competence of defense counsel to proceed. The supreme court held that “[b]y failing to consider and reject all possible alternatives to a mistrial, including a continuance, the trial judge did not meet the requirement of manifest ne *805 cessity and double jeopardy barred retrial.” Id. at 1240.
The case of United States v. Chica, 14 F.3d 1527 (11th Cir.1994) is materially indistinguishable from the instant case. There, four co-defendants went to trial on drug-related offenses. When a witness gave unexpected testimony, a mistrial was granted to one of the defendants and tentatively denied as to another. Ultimately, the court granted mistrial as to all four defendants, taking into consideration the fact that an important witness, who was not then available, would be able to testify at a later date. The Eleventh Circuit agreed with defendants Chica and Ramos that the prosecution had failed to meet its “heavy” burden to show the mistrials were the result of manifest necessity. The court held Chica and Ramos were entitled to relief on double jeopardy grounds, concluding:
A grand jury found probable cause to believe that these two appellants committed serious crimes, and they may be guilty. Under our holding they will escape trial and any possibility of conviction. If the guilty go free, that is regrettable. But it would be more regrettable if we were to violate the Constitution’s clear prohibition against subjecting these two men, whether innocent or guilty, to the jeopardy of another trial.
Id. at 1533.
We find that the state has also failed to meet its burden in the instant matter. The trial court failed to explore the possibility that the trials of petitioner Taylor and his co-defendants could be severed and Taylor be allowed to proceed to an adjudication with the jury then seated. No “manifest necessity” was shown with regard to a mistrial in Taylor’s case under the facts presented to the court at the time. Accordingly, Taylor’s motion to dismiss on double jeopardy grounds should have been granted.
PETITION GRANTED.
MINER, WOLF and VAN NORTWICK, JJ., concur.